**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 19-cv-2505**

| | |
|---|---|
| Amanda Groettum,<br><br>        Plaintiff,<br>v.<br><br>Kohl's Department Stores, Inc., and Capital One Financial Corporation,<br><br>        Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Kohl's Department Stores, Inc's (hereinafter "Defendant KDS"), and Capital One Financial Corporation's (hereinafter "Defendant COF"), (collectively hereinafter "Defendants") violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

## JURISDICTION

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1681, 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for Plaintiff's pendent common law claim of credit defamation.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Defendants reside in this District and a substantial part of the acts or omissions giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Amanda Groettum (hereinafter "Plaintiff") is a natural person who resides in the city of Minneapolis, county of Hennepin, state of Minnesota and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant KDS is a foreign corporation incorporated under the laws of the state of Delaware; is authorized to do business in the state of Minnesota; has a principal place of business located at 1209 Orange Street, Wilmington, Delaware 19801; and has a registered agent located at Corporate Creations Network Inc., 5200 Willson Rd., #150, Edina, MN 55424.

6. Defendant COF is a foreign corporation incorporated under the laws of the state of Delaware; is authorized to do business in the state of Minnesota; and has a principal executive office located at 1680 Capital One Drive, McLean, Virginia 22102.

## FACTUAL ALLEGATIONS

7. Plaintiff opened a credit card account with Defendants on or about November 2014.

8. Defendants assigned account number beginning 639305 (hereinafter "the account") to the Plaintiff credit card account.

9. In January of 2019, Plaintiff was applying for a first-time home loan with Edina Reality Mortgage.

10. Plaintiff is a single mother who is currently living in Minneapolis but is anxious to move to a different school district for her minor daughter due to increased crime and better public education opportunities.

11. Plaintiff's mortgage broker alerted her that she could not get a loan with anyone due to information on her credit reports.

12. Specifically, the credit reporting agencies were unable to provide a credit score for Plaintiff because she was being reported as deceased.

13. Plaintiff learned that she was being erroneously reported as deceased by Defendants.

14. Confused and upset Plaintiff began an extensive and time-consuming campaign to prove to Defendants that she was not dead but was in fact very much alive.

15. From January 28, 2019 through February 18, 2019 Plaintiff spent approximately 225 minutes on the telephone, online disputes, and writing letters with Defendants pleading with them to correct their erroneous credit reporting.

16. From February 19, 2019 through March 15, 2019 Plaintiff spent approximately 138 minutes on the telephone, online disputes and writing letters attempting to correct the inaccurate reporting of her as deceased.

17. From March 26, 2019 through April 17, 2019 Plaintiff spent approximately 322 minutes on the telephone and online disputes attempting to correct the inaccurate reporting of her as deceased.

18. Plaintiff's hourly rate is approximately $40.00, and she therefore lost well over $2500 of her valuable time in dealing with Defendants erroneous reporting.

19. Plaintiff was told by Defendant KDS's corporate offices to travel to the Kohl's Department Store in Roseville, MN to prove she was alive.

20. Plaintiff complied with Defendant KDS instructions and traveled to Kohl's in Roseville on February 23, 2019 and provided the proof required to demonstrate she was alive and not "deceased."

21. During this 1.5-hour visit to the Kohls store Plaintiff actually was on the Kohl telephone disputing her inaccurate deceased status and despite promises to provide documentation showing the deceased status was corrected, she never received anything to provide to her mortgage broker.

22. Despite these efforts, Defendants persisted in reporting Plaintiff as deceased.

23. Plaintiff and her step-father contacted the national credit reporting agencies (Experian Information Solutions Inc. ("Experian"), Trans Union LLC and Equifax Information Services LLC) to dispute Defendants' reporting of her as deceased in May, June, July and August 2019.

24. Defendants repeatedly verified as accurate that Plaintiff was "deceased," in violation of 15 U.S.C. §1681s-2(b).

25. Upon information and belief, Defendants' conduct caused Plaintiff to be denied credit with Care Credit in February of 2019 when she wanted to have back surgery at the Minnetonka Surgical Center.

26. Defendants' conduct caused Plaintiff to be denied home loans and mortgage opportunities in 2019.

27. Defendants' conduct further caused Plaintiff to endure emotional distress, mental anguish, anxiety, loss of sleep, loss of concentration at work, fear, desperation, and hopelessness when she could not get this erroneous information corrected which

caused her to seek weekly therapy with a counselor and therefore resulted in her not being able to move to a school district that would allow her to stop paying for her daughter's private school program and day care.

28. As recently as August 14, 2019, Plaintiff's Experian credit report was still showing the Defendants' tradeline reporting that Plaintiff was deceased.

29. As recently as August 27, 2019 Equifax credit report was still showing the Defendants' tradeline reporting that Plaintiff was deceased and that despite her dispute Defendants would not correct it and ironically updated the reporting to show that she disagreed with the outcome.

30. In further irony, Defendants sent to Plaintiff a letter dated August 27, 2019 thereby acknowledging she was alive and requesting that she provide additional information concerning her dispute.

31. Defendants' misreporting's of Plaintiff as deceased was and is malicious as they knew that she was not deceased.

## TRIAL BY JURY

32. Plaintiff is entitled to, and hereby demands, a trial by jury.  U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681 et seq.**

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendants' violated 15 U.S.C. § 1681s-2(b) when it received the notification of disputes from the credit reporting agencies concerning the Plaintiff's account number beginning 639305, failed to conduct a reasonable investigation, and failed to delete the misinformation being reported and update the account showing that Plaintiff was not "deceased."

35. As a result of Defendants' violations of the FCRA, Plaintiff has suffered actual damages not limited to out-of-pocket expenses, detriment to her credit rating, emotional distress, and mental anguish in an amount to be determined at trial.

36. Defendants' conduct, actions, and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n

37. Alternatively, Defendants' violations were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

38. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages and costs and attorney's fees from Defendants in an amount to be determined by the Court, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II.

## CREDIT DEFAMATION

39. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

40. Despite Plaintiff proving to Defendants time and time again that she is NOT deceased they have refused to comply and update her account status and they have

reported to the credit reporting agencies that Plaintiff is deceased on numerous occasions.

41. Defendants' misreporting was malicious and continuous even after she put them on notice of the false reporting.

42. Defendants' misreporting was false and malicious and had the tendency to, and did, harm Plaintiff's reputation and lower her in the estimation of the community, and, thus, constitute credit defamation.

43. As a result of Defendants' conduct, Plaintiff suffered and continues to suffer emotional distress, mental anguish, and anxiety concerning the false reporting.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- actual, statutory, and punitive damages, and costs and attorney's fees for Defendants' violations of the FCRA, pursuant to 15 U.S.C. §§ 1681n and 1681o;
- actual damages for Defendants' credit defamation; and
- such other and further relief as the Court may deem just and proper.

Dated this 12th day of September, 2019.

Respectfully submitted,

By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com

***ATTORNEY FOR PLAINTIFF***

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF Hennepin          )

I, Amanda Groettum, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

          s/Amanda Groettum
          Amanda Groettum

Subscribed and sworn to before me
this 11th day of September 2019.


s/Ashley Marie Anderson
Notary Public